[Cite as *State v. Ferguson*, 2019-Ohio-1143.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-71 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-8 |
| | : | |
| CLIFTON E. FERGUSON | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of March, 2019.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

ADAM J. ARNOLD, Atty. Reg. No. 0088791, 120 West Second Street, Suite 1717, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

**{¶ 1}** Clifton E. Ferguson pled guilty in the Clark County Court of Common Pleas to one count of possession of cocaine, a fifth-degree felony. The trial court sentenced him to a maximum sentence of 12 months in prison and ordered him to pay court costs. For the following reasons, the trial court's judgment will be affirmed.

## I. *Anders* Appeal Standard

**{¶ 2}** Ferguson's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he found no meritorious issues for appellate review. Counsel raises one potential assignment of error, namely that the trial court erred when sentencing Ferguson to 12 months in prison. We informed Ferguson that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. To date, no pro se brief has been filed.

**{¶ 3}** Pursuant to *Anders*, we must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." *Id.* at 744; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous merely because the prosecution can be expected to present a strong argument in reply. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, a frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4. If we find that any issue — whether presented by appellate counsel,

presented by the defendant, or found through an independent analysis — is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. *Id.* at ¶ 7.

## II. Factual and Procedural History

{¶ 4} According to the bill of particulars, on May 12, 2017, officers were dispatched in reference to a possible overdose. Upon arrival, the officers found Ferguson in his pick-up truck, slumped over the steering wheel and asleep. Medics confirmed that he had not overdosed. Ferguson consented to a search, and during the pat down, he admitted to using crack cocaine earlier in the day. Ferguson also told the officers that he had crack cocaine in his vehicle. Based on that representation, officers located and seized the cocaine.

{¶ 5} On January 8, 2018, Ferguson was indicted for possession of cocaine (less than five grams) in violation of R.C. 2925.11(A). At his arraignment, Ferguson pled no contest, and the court set a bond releasing him on his own recognizance. In March 2018, Ferguson filed a motion to suppress, asserting that the police had no reasonable suspicion to search the vehicle that he had been driving. Ferguson also claimed that his right to remain silent was violated.

{¶ 6} On April 26, 2018, the trial court held a pretrial conference, which Ferguson failed to attend. The trial court terminated Ferguson's bond and issued a capias for his arrest. At the conference, the prosecutor indicated that the State had made a plea offer of community control sanctions; defense counsel stated that he had not yet communicated the offer to his client, because Ferguson had not shown for an appointment with defense counsel.

{¶ 7} On May 13, 2018, Ferguson was arrested on the capias. A few days later, on May 16, 2018, the trial court held a bond review hearing. The State told the court that it would not oppose a recognizance bond, and Ferguson's own-recognizance bond was reinstated.

{¶ 8} On May 31, 2018, Ferguson pled guilty to possession of cocaine, a fifth-degree felony, as charged. In exchange for the plea, the State agreed not to proceed on an obstructing official business charge in another case and a failure to appear charge arising out of this case; Ferguson also waived a presentence investigation. After accepting Ferguson's plea, the trial court immediately sentenced Ferguson to 12 months in prison and ordered him to pay court costs. The trial court informed Ferguson that he would receive jail time credit for May 13 to 16, 2018, and for time awaiting transportation to prison.

### III. *Anders* Review

#### A. Pretrial Matters

{¶ 9} As an initial matter, we find that there are no non-frivolous issues related to the events prior to Ferguson's plea. A plea of guilty is a complete admission of guilt. *E.g., State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9; *State v. Wheeler*, 2d Dist. Montgomery No. 24112, 2011-Ohio-3423, ¶ 3; Crim.R. 11(B)(1). Consequently, a guilty plea generally waives all appealable errors that may have occurred in the trial court, unless such errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *See, e.g., State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus; *Wheeler* at ¶ 3.

{¶ 10} Prior to the plea, the trial court revoked Ferguson's own-recognizance bond.

We find nothing in the trial court's decision to revoke (temporarily) Ferguson's bond that would have precluded Ferguson from entering a knowing, intelligent, and voluntary plea.

{¶ 11} Ferguson filed a motion to suppress, but the trial court did not have a hearing on the motion or rule on it. Potentially, Ferguson could argue on appeal that his trial counsel rendered ineffective assistance in counseling Ferguson to enter a plea prior to a ruling on the suppression motion. However, based on the very limited facts before us, we find no reasonable argument that Ferguson's motion to suppress would have been successful. The bill of particulars indicates that Ferguson told the officers that drugs were located in his vehicle. Under the automobile exception to the warrant requirement, the officers were justified in entering the vehicle to retrieve the drugs. *See State v. Mills*, 62 Ohio St.3d 357, 367, 582 N.E.2d 972 (1992); *Maryland v. Dyson*, 527 U.S. 465, 467, 119 S.Ct. 2013, 144 L.E.2d 442 (1999). In addition, there is no indication that Ferguson was in custody when he made statements to the police. Accordingly, there is no arguably meritorious claim that his *Miranda* rights were violated. *See, e.g., State v. Brady*, 2d Dist. Montgomery No. 27763, 2019-Ohio-46, ¶ 22.

{¶ 12} Trial counsel did not assert that Ferguson was immune from prosecution under R.C. 2925.11(B)(2)(b), which provides, in relevant part:

Subject to division (B)(2)(f) of this section, a qualified individual shall not be arrested, charged, prosecuted, convicted, or penalized pursuant to this chapter for a minor drug possession offense if all of the following apply:

* * *

(i) The evidence of the obtaining, possession, or use of the controlled substance or controlled substance analog that would be the basis of the

offense was obtained as a result of the qualified individual seeking the medical assistance or experiencing an overdose and needing medical assistance.

However, the bill of particulars indicates that Ferguson had not overdosed and was not seeking medical treatment when the officers spoke with him and discovered the cocaine. Accordingly, the record reflects that the immunity granted by R.C. 2925.11(B)(2)(b) did not apply to Ferguson's circumstances.

### B. Ferguson's Plea

{¶ 13} Crim.R. 11(C)(2) requires the court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 14} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial

court need only substantially comply with those requirements. *E.g., State v. Bishop*, Ohio Slip Opinion No. 2018-Ohio-5132, __ N.E.3d __, ¶ 11. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he [or she] is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). In contrast, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Clark* at ¶ 31.

{¶ 15} Furthermore, when non-constitutional rights are at issue, a defendant who challenges his or her guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17.

> But "[w]hen the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule." (Emphasis sic.) *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 32. "If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id.* But if the trial court completely failed to comply with the rule, the plea must be vacated. *Id.* Complete failure " 'to comply with the rule does not implicate an analysis of prejudice.' " *Id.*, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

*Bishop* at ¶ 19.

{¶ 16} At the plea hearing, the trial court confirmed with the parties that Ferguson was pleading guilty to possession of cocaine, a fifth degree felony, and that, in exchange, the State agreed not to proceed on two additional charges and that Ferguson was waiving a presentence investigation. The prosecutor provided a statement of the underlying facts, consistent with the bill of particulars, and indicated that the seized drugs were found to contain less than five grams of cocaine.

{¶ 17} The trial court notified Ferguson of the possible maximum penalties for the offense, including a 12-month prison sentence, a $2,500 fine, a five-year driver's license suspension, and court costs. The court told Ferguson that, if he were sentenced to prison, the Adult Parole Authority had the discretion to place him on up to three years of post-release control upon his release from prison. The court also told Ferguson of the consequences if he violated post-release control. The trial court informed Ferguson that he could be sentenced to up to five years of community control, and it described the possible community control sanctions that could be imposed and the possible consequences if Ferguson violated the terms of community control.

{¶ 18} Upon questioning by the court, Ferguson indicated that he was 32 years old, had received a GED, and was a United States citizen. He denied being under the influence of any drug, alcohol, or medication. Ferguson was not on community control, parole, or post-release control.

{¶ 19} Ferguson stated that he had discussed the case with his attorney and that he had reviewed, understood, and signed the plea form. Ferguson told the court that he understood the possible maximum penalty that could be imposed. As for community control, the following exchange occurred:

THE COURT: Did you understand the explanation of community control?

DEFENDANT: Yes, sir.

THE COURT: Were you informed by your attorney that I will not put anybody on community control without a presentence investigation?

DEFENDANT: Yes, sir.

THE COURT: So you're not searching – or looking for community control?

DEFENDANT: No, sir.

{¶ 20} When asked if any promises or threats had been made to induce his plea, Ferguson responded negatively. The trial court told Ferguson that, by pleading guilty, he was admitting the truth of the facts the prosecutor put on the record, was admitting that he committed the offense of possession of cocaine, and was waiving his right to a jury trial. Ferguson stated that he understood. The trial court reviewed the constitutional rights that Ferguson was waiving, and Ferguson again indicated his understanding. The trial court found that Ferguson had knowingly, intelligently, and voluntarily waived his rights and entered a guilty plea to possession of cocaine, a fifth-degree felony.

{¶ 21} Upon review of the hearing transcript, the trial court strictly complied with its obligation to inform Ferguson of the constitutional rights that he was waiving by entering his guilty plea. The trial court also complied with its obligations under Crim.R. 11(C)(2)(a) and (b) to determine that Ferguson was making his plea voluntarily, that Ferguson understood the charges and maximum penalty involved, and that he understood the effect of his plea. The trial court did not specifically tell Ferguson that, upon acceptance of the plea, it could proceed with judgment and sentence. However,

Ferguson's plea form stated, in part: "I know the judge may either sentence me today or refer my case for a presentence report." In addition, the trial court asked the parties if there were "any reason why I should not hand down disposition at this time;" the parties responded, "No, Your Honor." Accordingly, the record reveals no non-frivolous issues related to Ferguson's guilty plea to possession of cocaine.

### C. Ferguson's Sentence

{¶ 22} Appellate counsel's potential assignment of error is directed to the trial court's 12-month prison sentence.

{¶ 23} During sentencing, the trial court heard from the prosecutor, defense counsel, and Ferguson. The prosecutor informed the court that Ferguson had a prior conviction for forgery in Champaign County, for which he served eight months in prison. Ferguson was also previously convicted of having weapons while under disability and possession of heroin; Ferguson served eight months for the possession charge and was placed on three years of community control for having weapons while under disability. The prosecutor asserted that the current charge was part of a pattern and that Ferguson did not want to receive treatment. The prosecutor asked for a prison sentence for Ferguson.

{¶ 24} Defense counsel acknowledged that Ferguson had prior felony convictions and had served prior prison sentences. Counsel reiterated that Ferguson had waived a presentence investigation and was told that he would not be eligible for community control without it. Defense counsel noted that Ferguson had "a significant drug addiction" that led to the current charge. Counsel asked for a prison sentence "close to the minimum if not the minimum sentence of six months." Ferguson, speaking on his own behalf,

apologized for his "continuing drug addiction" and for wasting the court's time.

{¶ 25} In imposing sentence, the trial court noted that mandatory community control did not apply due to Ferguson's prior felony offenses and that Ferguson "has waived any presentence investigation, thereby indicating he is not interested in any help through the Probation Department regarding * * * his substance abuse problem." The court found that Ferguson was not amenable to community control and that a prison term was consistent with R.C. 2929.11.

{¶ 26} The trial court imposed a maximum 12 months in prison, with jail time credit from May 13, 2018 to May 16, 2018, and from that day (May 31, 2018) until he was transported to prison. The trial court told Ferguson that the Adult Parole Authority would have the authority to place him on post-release control for up to three years and of the consequences of violating his post-release control. The court ordered Ferguson to pay court costs. The court notified Ferguson of his right to appeal.

{¶ 27} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *State v. Huffman*, 2d Dist. Miami No. 2016-CA-16, 2017-Ohio-4097, ¶ 6.

{¶ 28} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its

reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 29} Pursuant to R.C. 2929.13(B)(1)(b), the trial court had the discretion to impose a prison term for Ferguson's offense. Specifically, Ferguson previously had been convicted of felony offenses and served prison sentences. Ferguson acknowledged that he had a "continuing drug addiction," yet expressed no interest in community control or drug treatment. The court orally indicated that it had considered R.C. 2929.11 and its judgment entry expressed that it had considered both R.C. 2929.11 and R.C. 2929.12. With the record before us, we find no non-frivolous issue regarding the trial court's decision to impose a maximum 12-month prison sentence.

## IV. Conclusion

{¶ 30} We have reviewed the entire record and conducted our independent review, pursuant to *Penson,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300. We agree with appellate counsel that there are no non-frivolous issues for review. Accordingly, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

Andrew P. Pickering

Adam J. Arnold
Clifton E. Ferguson
Hon. Richard J. O'Neill