[Cite as *State v. Allen*, 2019-Ohio-1664.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-21 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-266 |
| | : | |
| KATIE M. ALLEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 3rd day of May, 2019.

. . . . . . . . . . .

JANNA L. PARKER, Atty. Reg. No. 0075261, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

BRIAN A. MUENCHENBACH, Atty. Reg. No. 0088722, 309 North Barron Street, Eaton, Ohio 45320
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** This matter is before the court on Katie M. Allen's September 11, 2018 notice of appeal. Allen's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there are no potentially meritorious issues to present on appeal. We notified Allen of counsel's filing of an *Anders* brief and gave her an opportunity to file a pro se brief, but she has not done so.

**{¶ 2}** Allen appeals her conviction, following her guilty pleas, of one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2)/(C)(1)(d) (Count One), a felony of the second degree, and one count of trafficking in heroin, in violation of R.C. 2925.05(A)(2)/(C)(6)(a) (Count Two), a felony of the fifth degree.

**{¶ 3}** On June 26, 2018, the trial court held a hearing at which the prosecutor indicated that Allen consented to being prosecuted pursuant to a proposed bill of information and to waiving prosecution by indictment. The bill of information charged Allen with aggravated trafficking in methamphetamine (with forfeiture specifications) and with trafficking in heroin, as described above. The prosecutor further advised the court that, in exchange for Allen's guilty plea, the State dismissed a second fifth-degree felony trafficking charge and agreed to forego prosecution of additional trafficking charges which were under investigation. The State also agreed "not to enhance the felony two to a felony one, with a school zone [sic]." Finally, the prosecutor indicated that Allen had agreed to the forfeitures. Allen then confirmed her understanding of the plea agreement as recited by the prosecutor, and she acknowledged that there was no agreement regarding her sentence.

**{¶ 4}** The court advised Allen of her right to a grand jury proceeding and explained

the nature of a bill of information, and Allen signed a waiver of indictment form. The court then placed Allen under oath. In response to questions from the court, Allen advised the court that she was born in 1993, that she possessed a GED, and that she could read and write the English language. She stated that she was not under the influence of any drugs or alcohol, and that she had not been threatened or promised anything to induce her pleas. She acknowledged having adequate time to discuss her pleas with her lawyer, and that counsel answered all of her questions after going over all the charges and specifications with her. Allen stated that she was satisfied with her counsel's advice. She indicated to the court that she understood the meaning and the nature of the charges and specifications.

{¶ 5} The court addressed Counts One and Two, concurrent and consecutive sentencing, and the maximum sentences for each count. The court advised Allen that the sentence for Count One was mandatory, and that it carried a mandatory fine. The court advised Allen regarding post-release control. The court next advised Allen of all of her constitutional rights prior to accepting her pleas, and Allen acknowledged her understanding thereof. She acknowledged her signature on the plea forms, and she indicated that she did not have any questions for counsel or the court. The court found that Allen was "making a knowing, intelligent and voluntary decision to tender pleas of guilty to Count One, including the two forfeiture specifications and to Count Two in the bill of information." The court further found that Allen had been informed of all of her constitutional rights, and that she understood the nature of the charges, the effects of pleas of guilty, and the possible penalties which could be imposed. The court ordered a presentence investigation report.

**{¶ 6}** Allen was sentenced on August 13, 2018. Allen was sentenced to five years in prison on Count One and to one year on Court Two, to be served concurrently. Pursuant to forfeiture specifications on Count One, a 1998 Ford Taurus and $555 were forfeited to the State. The court waived the mandatory fine due to Allen's indigency.

**{¶ 7}** Allen's appellate counsel asserts that he "has conducted an examination of the record and finds no merit to any claim of error" sufficient to overturn Allen's conviction.

**{¶ 8}** This court has previously discussed *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, as follows:

Pursuant to *Anders*, we must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." [*Anders*] at 744; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous merely because the prosecution can be expected to present a strong argument in reply. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, a frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4. If we find that any issue * * * is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. *Id.* at ¶ 7.

*State v. Ferguson,* 2d Dist. Clark No. 2018-CA-71, 2019-Ohio-1143, ¶ 3.

**{¶ 9}** Counsel for Allen asserts one potential assignment of error on appeal:

THE TRIAL COURT ERRED BY ACCEPTING THE APPELLANT'S

GUILTY PLEA ON THE BASIS THAT HER ADMISSIONS WHERE SUCH [sic] AN ADMISSION WAS NOT MADE KNOWINGLY, VOLUNTARILY, INTELLIGENTLY AND THEREBY VIOLATED HER RIGHTS AFFORDED HER UNDER THE CONSTITUTION OF THE UNITED STATES AND THE STATE OF OHIO.

{¶ 10} Appellate counsel asserts that Allen was not placed under oath at her plea hearing and that the trial court "failed to ask Ms. Allen if she was satisfied with the representation and legal services rendered by counsel." Counsel also asserts that the trial court "never specifically stated the appropriate code section under the Ohio Revised Code" under which these charges were filed.

{¶ 11} We have reviewed the entire record, including the plea and sentencing transcripts and the presentence investigation report. This review has not revealed any potentially meritorious appellate issues. Contrary to Allen's assertions, she was placed under oath after signing the waiver of indictment. Further, the court asked Allen if she was satisfied with her counsel's representation, and she responded affirmatively. Allen further advised the court that she understood the nature and meaning of the charges against her, and the court so found. Allen's bill of information, which she indicated she understood, included the relevant sections of the Revised Code for each offense, and the trial court's failure to recite those sections at the plea hearing does not present a meritorious issue for appeal.

{¶ 12} We have reviewed the entire record and conducted our independent review, pursuant to *Penson,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300. We agree with

appellate counsel that there are no non-frivolous issues for review. Accordingly, the trial court's judgment will be affirmed.

. . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies sent to:

Janna L. Parker
Brian A. Muenchenbach
Katie M. Allen
Hon. Stacy M. Wall