[Cite as *State v. Campbell*, 2021-Ohio-2053.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-11 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-269 |
| | : | |
| BRYAN CAMPBELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of June, 2021.

. . . . . . . . . .

IAN RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
       Attorney for Plaintiff-Appellee

JENNIFER MARIETTA, Atty. Reg. No. 0089642, P.O. Box 37, Xenia, Ohio 45385
       Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Bryan Campbell appeals from the trial court's judgment convicting him of two counts of trafficking in heroin, one a felony of the third degree and the other a felony of the fourth degree. Campbell's appointed counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that she cannot not find any non-frivolous issues on appeal. Upon our independent review, we agree with counsel's assessment. Thus, the trial court's judgment will be affirmed.

**Facts and Procedural History**

**{¶ 2}** In April 2018, Campbell was indicted in Clark C.P. No. 2018-CR-269 on three counts of trafficking in heroin, in violation of R.C. 2925.03(A)(1), stemming from three controlled drugs buys: (1) August 24, 2017 – less than one gram, a felony of the fourth degree; (2) August 25, 2017 – greater than or equal to one gram, but less than five grams, a felony of the third degree, and (3) September 7, 2017 – greater than or equal to one gram, but less than five grams, a felony of the third degree. Each of the counts included a specification that the offense occurred within the vicinity of a school zone.

**{¶ 3}** Campbell appeared for his arraignment with counsel on April 27, 2018, and the court set a $50,000 bond. Campbell posted a bond on the same day and was released. The court scheduled a jury trial for July 26, 2018.

**{¶ 4}** On May 4, 2018, the State filed a bill of particulars, its witness list, a list of discovery that it had provided, and a certification under Crim.R. 16(D) that it was designating certain material as "counsel only." The prosecutor explained that the case involved controlled buys by confidential informant(s) and disclosure of certain listed materials to the defendant would compromise the informant(s) and reveal techniques and equipment used by law enforcement.

{¶ 5} On July 23, 2018, Campbell requested a continuance of the trial date. The court granted the motion and rescheduled the trial for September 6, 2018. Campbell subsequently requested another continuance of the September 6 trial date, citing that his counsel had a pretrial conference in another county on the same date.

{¶ 6} On August 27, 2018, Campbell was indicted in Clark C.P. No. 2018-CR-564 on four additional drug offenses: two counts of aggravated trafficking in drugs, one a felony of the third degree and the other a felony of the fourth degree, and two counts of aggravated possessions of drugs, both felonies of the fifth degree. The new charges were based on conduct that occurred on September 13, 2017. Campbell was arrested on the new charges on August 31, 2018.

{¶ 7} On September 4, 2018, Campbell was indicted in Clark C.P. No. 2018-CR-582 on one count of aggravated trafficking in drugs, a felony of the third degree, with the specification that the sale took place within the vicinity of a school. This case arose from conduct that occurred on August 24, 2017, one of the dates involved in the first indictment. Campbell was arrested on this charge on the same day as the indictment, September 4.

{¶ 8} On September 5, 2018, the trial court overruled Campbell's motion for a continuance, stating that a criminal jury trial in common pleas court takes precedence over a final pretrial conference in another county. On the same date (September 5), Campbell filed a motion in limine, seeking to prevent the State from presenting evidence of prior bad acts and offenses not charged in the indictment. The State filed a motion to consolidate this case (Case No. 2018-CR-269) with the two other cases – Case Nos. 2018-CR-564 and 2018-CR-582 – stating that the three cases arose out of the same facts and circumstances and that the newer cases were superseding indictments. The trial

court granted the motion to consolidate and ordered that all future filings be under Case No. 2018-CR-269.

{¶ 9} Three hours after the trial court granted the motion to consolidate and 30 minutes after the trial court denied the continuance, Campbell filed another motion for a continuance. He stated that he had not yet been arraigned on the new indictments, yet all cases were now scheduled for trial on September 6, the following day. Campbell further stated that one of the new cases involved the search of his residence pursuant to a search warrant, which he had not yet had the opportunity to challenge via a motion to suppress. Campbell requested a continuance so that he could be arraigned on the new matters and file a motion to suppress.

{¶ 10} The following morning, September 6, 2018, the parties appeared before the court with a signed plea agreement. Under the terms of the written plea agreement, Campbell agreed to plead guilty to trafficking in heroin as set forth in Counts 1 and 2 of the indictment in Case No. 2018-CR-269, felonies of the fourth and third degrees, respectively, and the State agreed to dismiss the remaining counts and specifications. Campbell also agreed to the forfeiture of $997 in cash and to maximum sentences of 18 months on Count 1 and 36 months on Count 2, to be served consecutively. The parties further agreed that Campbell would not receive judicial release. The prosecutor stated the terms of the agreement on the record.

{¶ 11} The trial court conducted a plea hearing, during which it discussed the terms of the plea with Campbell, informed Campbell that his community control in another case (as a result of judicial release) could be revoked due to his guilty plea, notified Campbell of the possible maximum sentences he faced and of post-release control, informed him

of the constitutional rights he was waiving by entering his plea, and inquired whether Campbell's guilty plea was being made voluntarily. At the conclusion of the plea hearing, Campbell expressed that he wished to plead guilty to the two offenses of trafficking in heroin, and the court found that he knowingly, intelligently, and voluntarily waived his rights and entered his plea of guilty.

{¶ 12} The court then proceeded to sentencing. Defense counsel declined to make a statement. When asked if he had anything he wanted to say, Campbell stated that he was close to paying off the mortgage on his house, and he asked the court if he could have some time, for the sake of his family, to get his affairs in order before going to prison. When the court turned to the State for a response, the prosecutor asked that the plea be withdrawn. The prosecutor stated: "It was the understanding of [defense counsel] and his client that there would be no early judicial release or early reporting for the Defendant pursuant to this plea. And, quite frankly, the Defendant just reneged on that by asking the Court to * * *." The prosecutor told the court that the plea agreement was approved by the elected county prosecutor on the condition that Campbell not ask for release or reporting at a later date.

{¶ 13} Defense counsel responded that he had conveyed "that information" to Campbell prior to the plea. Counsel stated that Campbell's request "might have something to do with the fact that his girlfriend did come in, and he might have just had the urge to do that." Counsel told the court that Campbell was not trying to undermine his plea.

{¶ 14} After further discussion with the parties, the court denied the State's request to withdraw the plea and Campbell's request to be released on bond. The court noted

that the portion of the agreement that Campbell not request to stay out on bond pending disposition was not reduced to writing, but the court trusted that it was part of the agreement. After overruling Campbell's request to remain out on bond, the court found that any violation of the plea agreement was "procedural at best, perhaps immaterial."

{¶ 15} The court then imposed the agreed-upon sentences of 18 months and 36 months in prison, to be served consecutively. The court also made the statutory findings for the imposition of consecutive sentences. The court told Campbell that, upon his release from prison, he could be placed on post-release control for three years. The court further informed him of the consequences he faced if he violated post-release control. The court ordered that $997 be forfeited, as agreed. Finally, the court told Campbell that he could reduce his sentence by up to 8 percent if he were eligible for earned credit while serving his sentence, and that he would receive jail time credit for any time spent in the Clark County Jail.

{¶ 16} The court's written judgment entry was consistent with its oral pronouncement. The judgment entry clarified that Campbell would receive jail time credit from September 13-14, 2017 and from August 31, 2018 until his conveyance to prison.

{¶ 17} Campbell appeals from his conviction, and we have permitted Campbell to pursue this delayed appeal. We informed Campbell that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. No pro se brief has been filed.

### *Anders* Standard

{¶ 18} Upon the filing of an *Anders* brief, an appellate court has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact,

"wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant.

### *Anders* Review

{¶ 19} Campbell's appellate counsel has suggested three potential assignments of error: (1) Campbell's plea was not knowingly, intelligently, and voluntarily made; (2) Campbell's sentence is contrary to law and should not have been imposed consecutively; and (3) trial counsel rendered ineffective assistance.

### A. Campbell's Plea

{¶ 20} We have reviewed the plea hearing transcript and the written plea agreement. As stated above, Campbell pled guilty to two counts of trafficking in heroin, felonies of the third and fourth degree, and he agreed to consecutive sentences totaling 54 months in prison, no judicial release, and the forfeiture of $997.

{¶ 21} Due process requires that a defendant's plea be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. Compliance with Crim.R. 11(C) insures compliance with this constitutional mandate. *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12. Crim.R. 11(C)(2) provides the

trial court may not accept a guilty plea without first addressing the defendant personally and:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 22} Strict compliance with the Crim.R. 11(C)(2)(c) constitutional advisements is necessary to establish that a plea is consistent with due process. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 261, ¶ 18. Crim.R. 11(C)(a) and (b) set forth the required non-constitutional advisements. If a trial court completely fails to provide a non-constitutional advisement, prejudice is presumed and the plea must be vacated. But, absent a complete failure, a defendant must demonstrate prejudice before a plea will be vacated. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 15-16.

{¶ 23} The record reflects that the trial court strictly complied with the requirements of Crim.R. 11(C)(2)(a) and (c). As to Crim.R. 11(C)(2)(b), the trial court did not orally inform Campbell that his guilty plea was a complete admission of guilt and that it could proceed with judgment and sentence. However, Campbell's plea form stated: "By pleading guilty I admit committing the offense and will tell the Court the facts and circumstances of my guilt. I know the judge may either sentence me today or refer my case for a presentence report." Campbell told the trial court at the plea hearing that he had reviewed the plea agreement with his attorney, understood it, and signed it. Under similar circumstances, we have found no material defect in the plea hearing. *See State v. Howard*, 2d Dist. Montgomery No. 28328, 2019-Ohio-5357, ¶ 28; *State v. Ferguson*, 2d Dist. Clark No. 2018-CA-71, 2019-Ohio-1143, ¶ 21.

{¶ 24} Appellate counsel raises that there was a disparity between the terms of the written plea agreement and the terms orally agreed upon by the parties. Specifically, after Campbell requested to have a few days to put his affairs in order, the State indicated that the parties had agreed that Campbell would not request to be released on bond and report at a later date. Defense counsel acknowledged that he had conveyed that requirement to Campbell prior to the plea hearing.

{¶ 25} The September 6, 2018 transcript reflects that the State articulated the terms of the written plea agreement at the plea hearing. Defense counsel indicated that the prosecutor's statement presented a "full statement of the plea agreement," and Campbell stated that he understood the terms of the agreement. The condition that Campbell would not seek a delay to report to prison was neither included in the written plea agreement nor mentioned by either party at the plea hearing.

{¶ 26} In this case, the apparent disparity between the parties' oral agreement and the agreement presented at the plea hearing does not create an arguably meritorious issue regarding the validity of Campbell's plea. The record reflects that Campbell was aware of and understood the terms of the plea agreement. After the State sought to withdraw the plea due to Campbell's request for release on bond pending sentencing, Campbell told the court that he was asking himself, because his attorney could not make the request on his behalf due to what was agreed upon. Defense counsel also told the court: "My client has a complete understanding of what the plea agreement says and the language in the plea agreement. He's not trying to undermine any kind of agreement that was made by making this request." On this record, a claim that Campbell's plea was not knowing, intelligent, and voluntary would be frivolous.

**B. Campbell's Sentence**

{¶ 27} Appellate counsel further raises that Campbell's plea was contrary to law and should not have been imposed consecutively.

{¶ 28} R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to [appellate] review * * * if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution * * *, and is imposed by the sentencing judge * * *. If all three conditions are met, the defendant may not appeal the sentence." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 15-16.

{¶ 29} Here, the trial court imposed the sentence agreed upon by the parties. The parties agreed that Campbell would receive 18 months in prison for trafficking in heroin, a fourth degree felony, and 36 months in prison for trafficking in heroin, a third-degree

felony. Those sentences were within the statutory sentencing ranges and thus the court's imposition of those sentences was authorized by law. The plea agreement further indicated that the sentences would be served consecutively for a total of 54 months in prison, which permitted the court to impose consecutive sentences. Although the court was not required to do so, the trial court also made the statutory findings for the imposition of consecutive sentences, as set forth in R.C. 2929.14(C)(4). *See State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 43 ("[I]n the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4)."). The parties also agreed to the forfeiture of $997 in cash, which the trial court also ordered. The trial court properly imposed post-release control. The court did not impose court costs.

{¶ 30} Upon review of the record, we find no arguably meritorious claims related to Campbell's sentence.

### C. Ineffective Assistance of Counsel

{¶ 31} Third, appellate counsel raises a potential claim of ineffective assistance of trial counsel. Appellate counsel writes:

Campbell has expressed concern to Appellate Counsel that Trial Counsel made deals and agreements with the State that he was not comfortable with, and prior to getting his consent, but that Trial Counsel then told him it was his only option. He further indicated a concern that he had run out of money to pay his lawyer and that may have impacted his representation. When Campbell told Counsel how he felt about the Plea Agreement and the

amendments made within an hour of the hearing, Campbell reports Trial Counsel told him he could say what he wanted but that he would be on his own due to Trial Counsel being bound by the agreement. Campbell reports Trial Counsel suggested Campbell ask to fire him if he wanted to disagree. When asked on the record if there was anything to be said on behalf of Campbell, his Counsel declined.

{¶ 32} Here, appellate counsel's proposed claim of ineffective assistance is based on Campbell's alleged communications with his trial counsel. However, those communications are not part of the record before us. It is well established that "[a] claim of ineffective assistance of counsel cannot be asserted on direct appeal if it relies on matters outside the record." *State v. Thomas*, 2d Dist. Montgomery No. 26907, 2017-Ohio–5501, ¶ 28; *see also, e.g., State v. Whaley*, 2d Dist. Clark No. 2020-CA-15, 2021-Ohio-1434, ¶ 16. Campbell's claim on direct appeal that his counsel rendered ineffective assistance during their communications regarding the plea has no arguable merit.

**D. Independent Review**

{¶ 33} We have reviewed the entire record and have found no potentially meritorious appellate issues. As part of this review, we considered whether the trial court arguably erred in failing to grant Campbell's motion for release on bond pending appeal. We note that, even if the trial court had erred in denying Campbell's motion, there is no relief that we could grant, which would making any claim of error moot.

**Conclusion**

{¶ 34} Having found no non-frivolous appellate issues, appellate counsel is permitted to withdraw, and the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Ian Richardson
Jennifer Marietta
Bryan Campbell
Hon. Douglas M. Rastatter