[Cite as *State v. Hill*, 2020-Ohio-7.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-11 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-254 |
| | : | |
| MICHAEL HILL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of January, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

CARL BRYAN, Atty. Reg. No. 0086838, 120 West Second Street, Suite 603, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Michael Hill appeals from his conviction, on his guilty pleas, of possession of cocaine and aggravated possession of drugs. We conclude that the trial court fully complied with the Crim.R. 11(C)(2)(a) maximum penalty advisement by informing Hill that his post-release control (PRC) could be terminated as a result of his guilty pleas; that, if so terminated, he could be sentenced to a maximum term of one year or the remaining PRC period, whichever was greater, in addition to any sentence for the new felonies; and that the PRC sentence would have to be served consecutively. Also, despite the slight variation between the indictment language and the State's factual statement in support of the guilty pleas, the record establishes that Hill subjectively understood the nature of the drug possession offenses at issue. Thus, the trial court's judgment will be affirmed.

## Facts and Procedural History

{¶ 2} In April 2018, Hill was indicted on eight drug offenses. The indictment included a forfeiture specification regarding currency seized upon Hill's arrest. Following negotiations, Hill pleaded guilty to two counts: possession of cocaine (a third degree felony) and aggravated possession of drugs (a fifth degree felony). The remaining counts were dismissed, and Hill agreed to forfeit the currency.

{¶ 3} Hill was on PRC when he entered the guilty pleas. The following PRC discussion occurred during the plea hearing:

THE COURT: Are you currently on probation, community control, post-release control or parole?

THE DEFENDANT: Parole.

[DEFENSE COUNSEL]: Post-release control, Your Honor.

THE DEFENDANT: Yeah, post-release.

THE COURT: Do you understand that by entering a guilty plea in this case your post-release control could be terminated and in addition to the sentence you receive in this case, you could be sentenced to the greater – or for the greater of one year or the amount of time you have remaining on post-release control, and it will be mandatory to that being consecutive to your sentence in this case?

THE DEFENDANT: Yes, sir.

{¶ 4} Also during the plea hearing, in response to the trial court's request to set forth the terms of the parties' agreement, the State stated the following:

[PROSECUTOR]: Yes, Your Honor. Thank you. We have reached a negotiated plea in this case.

That agreement is that upon a plea to count four, possession of cocaine, a felony of the third degree and count seven, that being possession of a Scheduled II controlled substance, specifically the hydrocodone, a felony of the fifth degree, the State of Ohio would move to dismiss the remaining counts in the indictment. There would be an agreement of the forfeiture of $2,755.60.

The facts that the State would rely upon is that on or about the 5th day of February 2018, in Clark County, Ohio, the defendant, Michael Hill, did possess or have control over cocaine in an amount greater than or equal to 10 grams but less than 20 grams; and he also did have a possession of the Scheduled II controlled substance hydrocodone in an amount less than

bulk amount.   All these occurred in Clark County, Ohio. Immediately thereafter, the following exchange occurred between the trial court, Hill's attorney, and Hill.

THE COURT: Is that a full statement of the plea agreement?

[DEFENSE COUNSEL]: Yes, Your Honor.   It is.

THE COURT: Do you understand the terms of the plea agreement, Mr. Hill?

THE DEFENDANT: Yes, sir.

* * *

{¶ 5} The trial court sentenced Hill to a three-year prison term for possession of cocaine and to a one-year prison term for aggravated possession of drugs.   The trial court ordered that these sentences be served consecutively.   The trial court also terminated Hill's PRC and ordered that Hill consecutively serve the remaining PRC period of 547 days.   Defense counsel thereafter filed a motion requesting that the trial court reduce Hill's sentence.   The trial court overruled the motion.   This appeal followed.

**Assignments of Error**

{¶ 6} Hill asserts two assignments of error as follows:

Mr. Hill's plea was not knowing, intelligent, and voluntary because the trial court failed to inform him of its authority to terminate his PRC and sentence him to a consecutive prison term in addition to any sentence for the charges to which he was pleading.

Mr. Hill's plea was not knowing, intelligent, and voluntary because the facts offered into the record upon which the state would rely on for a

conviction omitted an essential element.

**PRC and the Crim.R. 11(C)(2)(a) Maximum Penalty Advisement**

{¶ 7} Due process mandates that a guilty plea be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. Compliance with Crim.R. 11(C) ensures that a plea meets this constitutional mandate. *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12. Strict compliance with the Crim.R. 11(C)(2)(c) constitutional advisements is necessary to establish that a plea is consistent with due process. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 261, ¶ 18. But substantial compliance with the Crim.R. 11(C)(2)(a) and (b) non-constitutional requirements is sufficient to allow the conclusion that a plea is knowing, intelligent, and voluntary. Substantial compliance exists when the "totality of circumstances" permits the conclusion the defendant "subjectively understands" the non-constitutional plea requirements. *Clark* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E. 2d 474 (1990). If, however, the trial court's compliance with the Crim.R. 11(C) non-constitutional requirements is only partial, an appellate court must undertake a prejudice analysis, with prejudice, in this context, being gauged by whether the defendant would have otherwise entered the plea. *Bishop* at ¶ 19, quoting *Clark* at ¶ 32, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶ 8} Turning then to the maximum penalty advisement that is required when a defendant is on PRC, R.C. 2929.141(A)(1) provides the following:

(A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

In *Bishop*, the Supreme Court concluded that when, as here, a defendant is on PRC at the time a plea is entered, the Crim.R. 11(C)(2)(a) maximum penalty advisement must include a discussion of the possible consequences under R.C. 2929.141(A)(1).

{¶ 9} Hill asserts the trial court's failure to inform him that it was the trial court's option (as opposed to the parole board's option) to terminate his PRC and impose the additional consecutive sentence constitutes a complete failure to comply with Crim.R. 11(C)(2)(a) and requires that his pleas be vacated. Hill does not cite, and we have not

found, any authority supporting this argument. We reject Hill's argument and conclude that the trial court's PRC advisement completely and accurately informed him of the PRC consequences associated with his guilty pleas. Hill's first assignment of error is overruled.[1]

**Factual Recitation at the Plea Hearing**

{¶ 10} Hill asserts, and the State is willing to concede, based upon *State v. Davis*, 2d Dist. Clark No. 2018-CA-49, 2019-Ohio-1904, that Hill's guilty pleas were not knowing, intelligent, and voluntary because the State, during its recitation of the facts supporting the pleas, stated that Hill possessed, instead of knowingly possessed, the drugs at issue. In contrast, we conclude that *Davis* is distinguishable, and that the record supports the conclusion that Hill subjectively understood the nature of the two counts to which he pleaded guilty.

{¶ 11} The State has no obligation at the plea hearing to set forth the factual basis for a guilty plea. *State v. Riddle*, 2017-Ohio-1199, 88 N.E.3d 475, ¶ 39 (2d Dist.). This is so because a guilty plea is a complete admission to the facts contained in the indictment. *Id.* But Crim.R. 11(C)(2)(a) requires that before a plea is accepted, the trial court must determine the defendant's understanding of the nature of the charge to which he is pleading. This requirement prompts the State, as a matter of routine, to articulate the factual basis supporting the plea (often in the form of a verbatim recitation of the indictment). An incomplete or inaccurate factual recitation can create a concern

---

[1] Hill asserts that if we were to conclude that the trial court substantially complied with the Crim.R. 11(C)(2)(a) maximum penalty advisement, this would trigger a prejudice analysis. As discussed above, this is incorrect.

regarding the trial court's determination that a defendant understood the nature of the charge, and, thus, whether the plea was knowing, intelligent, and voluntary.

{¶ 12} Where, as here, the indictment correctly informed the defendant of the nature of the charge, the defendant had an adequate opportunity to consult with counsel, and there is nothing in the record to suggest the defendant did not understand the nature of the charge, "slight variations" between the indictment and the State's factual statement will not "create a presumption" that the defendant did not understand the nature of the charge. *State v. Greathouse*, 158 Ohio App.3d 135, 2004-Ohio-3402, 814 N.E.2d 502, ¶ 8 (2d Dist.). In such a circumstance, the record allows the conclusion that the defendant subjectively understood the nature of the charge.

{¶ 13} In *Davis*, 2d Dist. Clark No. 2018-CA-49, 2019-Ohio-1904, Brandon Davis was indicted for and pleaded guilty to burglary in violation of R.C. 2911.12(A)(2), among other charges.[2] The burglary indictment tracked the statutory language, but the State's factual recitation at the plea hearing failed to state that Davis's entry into the structure was accomplished by force, stealth, or deception or that the structure was someone's permanent or temporary habitation. The trial court also discussed the burglary elements during the plea colloquy; this discussion, though setting forth the force, stealth, or deception element, also failed to articulate the permanent or temporary habitation element. After the incomplete elements discussion, the trial court asked Davis "[D]o you understand that these are the [burglary] elements the State would have to prove?" Davis

---

[2] (A) No person, by force, stealth, or deception, shall do any of the following: * * * (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense.

replied [Y]es sir." *Id.* at ¶ 7-9.

{¶ 14} In *Davis*, we concluded that Davis's plea was not knowing, intelligent, and voluntary. Based upon Davis's statement in response to the trial court's elements discussion and question, we concluded that he thought the State's burden of proof was less than the State's actual burden and that the trial court failed in its Crim.R. 11(C)(2)(a) obligation to ensure that Davis understood the nature of the burglary charge.

{¶ 15} In contrast, there is no indication in this case that Hill similarly misunderstood the burden of proof. Instead, the record reflects a slight variation between the indictment language and the State's factual recitation (omission, as to both counts, of the word "knowing"), an adequate opportunity for Hill and counsel to consult, and no other indication that Hill may not have understood the nature of each possession offense. Upon this record, we conclude that Hill subjectively understood the nature of the two possession counts. Thus, the trial court substantially complied with Crim.R. 11(C)(2)(a), and we conclude that Hill's guilty pleas were knowing, intelligent, and voluntary. Hill's second assignment of error is overruled.


## Conclusion

{¶ 16} Having overruled Hill's two assignments of error, the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J., concurs.

DONOVAN, J., concurs in judgment only.

Copies sent to:

John M. Lintz
Carl Bryan
Hon. Douglas M. Rastatter