**[Cite as *State v. Merrick*, 2020-Ohio-5209.]**

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-52 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-691 |
| | : | |
| BRET MERRICK | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 6th day of November, 2020.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
  Attorney for Plaintiff-Appellee

DAVID R. MILES, Atty. Reg. No. 0013841, 1160 East Dayton-Yellow Springs Road, Fairborn, Ohio 45324
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Appellant Bret Merrick was convicted in the Greene County Court of Common Pleas of two counts of involuntary manslaughter, with one firearm specification. His appointed counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating he could not find any potentially meritorious appellate issues. Thereafter, Merrick filed a pro se brief. Following an independent review of the record, we agree with counsel's assessment. As such, the trial court's judgment will be affirmed.

### Facts and Procedural History

**{¶ 2}** This case involves the deaths of Sherri Mendenhall and William "Skip" Brown. As a result of the circumstances surrounding these deaths, Merrick was indicted on two counts of aggravated murder, two counts of murder, two counts of aggravated burglary, one count of felonious assault, and one count of tampering with evidence. The indictment included firearm specifications and aggravating circumstance specifications; the aggravating circumstance specifications made Merrick eligible for the death penalty. The indictment was assigned Greene C.P. No. 2017-CR-57.

**{¶ 3}** Ultimately, Merrick and the State of Ohio entered into a plea and sentencing agreement which was signed by Merrick, his counsel, and two assistant Greene County prosecutors. A bill of information was filed in conjunction with the parties' agreement and was assigned Greene C.P. No. 2018-CR-691. The bill of information charged Merrick as follows: two counts of involuntary manslaughter – Count 1 regarding the death of Brown and Count 2 regarding the death of Mendenhall. Count 1 included a three-year firearm specification. The parties' agreement provided that Merrick would plead guilty to each count of involuntary manslaughter and the firearm specification. The agreement

recommended an aggregate 25-year prison term as follows: Count 1 – an 11-year prison sentence plus a 3-year prison term on the firearm specification, to be served consecutively to the 11-year prison term; Count 2 – an 11-year prison term to be served consecutively to Count 1. The agreement also recommended that no fines be levied and included a provision that Case No. 2017-CR-57 would be dismissed. Merrick appeared before the trial court and pleaded guilty to the two counts of involuntary manslaughter and the firearm specification. The trial court imposed the recommended 25-year prison term, and no fines were imposed. Thereafter, Case No. 2017-CR-57 was dismissed.[1]

{¶ 4} This appeal followed.

### *Anders* Standard

{¶ 5} Upon the filing of an *Anders* brief, an appellate court has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant.

---

[1] Dustin Merrick, Bret's brother, was also indicted for the murders of Mendenhall and Brown. The indictment also made Dustin death penalty eligible. Dustin pleaded guilty to two counts of aggravated murder and was sentenced to an agreed-upon term of life without parole plus six years. Dustin's convictions were affirmed on appeal. *State v. Merrick*, 2d Dist. Greene No. 2019-CA-29, 2020-Ohio-3744.

**Analysis**

{¶ 6} Counsel suggests as a potential assignment of error that the trial court's sentence is not authorized by law. R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to [appellate] review * * * if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution * * *, and is imposed by the sentencing judge * * *. If all three conditions are met, the defendant may not appeal the sentence." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 15-16. Merrick and the prosecution jointly recommended the sentence and the trial court imposed the recommended sentence; thus, these two conditions have been satisfied. "The 'authorized by law' condition is a bit more nuanced, with a sentence being so authorized 'only if it comports with all mandatory sentencing provisions.' Such mandatory provisions include the proper imposition of postrelease control (PRC), making, when applicable, the findings required for the imposition of consecutive sentences, and ordering the merger of allied offenses of similar import." *State v. Smith*, 2d Dist. Montgomery Nos. 28208, 28209, 28210, and 28211, 2020-Ohio-2854, ¶ 8, quoting *Underwood* at ¶ 20, 33.

{¶ 7} Our independent review confirms that Merrick's sentence is authorized by law. The involuntary manslaughter sentences were within the allowed statutory range, and the firearm specification sentence was the required 3-year consecutive prison term. Moreover, the trial court correctly informed Merrick of the maximum prison term and fines he faced.[2] The trial court also correctly informed Merrick of the mandatory PRC

---

[2] The 25-year prison term represents the maximum prison term for the offenses contained in the bill of information. But, of course, the parties' plea agreement eliminated the murder indictments and, quite importantly, the possibility of the death penalty.

implications of his plea, and the judgment entry accurately reflected this discussion. Finally, though not necessary based upon the agreed sentence, the trial court made appropriate consecutive sentence findings, and these findings were incorporated into the judgment entry. In short, Merrick's sentence was authorized by law, and any appellate argument suggesting otherwise would be wholly frivolous.

{¶ 8} Secondly, counsel suggests as a possible assignment of error that the trial court's PRC advisement was inadequate. As already noted, the trial court correctly advised Merrick of the mandatory PRC implications triggered by his guilty pleas, and the judgment entry reflects this discussion. Given this, any appellate argument asserting otherwise would be without potential merit.

{¶ 9} Finally, counsel suggests as a potential assignment of error that the trial court did not comply with Crim.R. 11, making Merrick's plea less than knowing, intelligent, and voluntary. Specifically, counsel suggests that Merrick's understanding of the nature of the charges to which he pleaded guilty may have been compromised because "there was no elicitation of the facts at the * * * Crim.R. 11 [plea] hearing."

{¶ 10} As discussed, a jointly recommended sentence which is imposed by the trial court and which is authorized by law eliminates appellate review of the sentence. Nonetheless, due process requires that the plea be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. A trial court's compliance with Crim.R. 11 insures compliance with this constitutional mandate. *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12.

{¶ 11} Counsel, with the noted exception, concedes the trial court's compliance

with Crim.R. 11. Our independent review of the Crim.R. 11 plea hearing confirms this concession.

{¶ 12} Turning then to counsel's specific suggestion, Crim.R. 11(C)(2)(a) requires the trial court to determine, among other things, that the defendant, before entering a guilty plea, has an understanding of the nature of the charges to which he is pleading guilty. But, contrary to counsel's suggestion, the trial court's determination of such understanding does not require that the facts of an offense be recited at the plea hearing. *State v. Hill*, 2d Dist. Clark No. 2019-CA-11, 2020-Ohio-7, ¶ 11, citing *State v. Riddle*, 2017-Ohio-1199, 88 N.E.3d 475, ¶ 39 (2d Dist.). "This is so because a guilty plea is a complete admission of the facts contained in the [bill of information]." *Id.* However, the Crim.R. 11(C)(2)(a) requirement that the trial court insure the defendant's understanding of the charges does "prompt[ ] the State, [usually] as a matter of routine, to articulate the factual basis supporting the plea (often in the form of a verbatim recitation of the [bill of information])." *Id.* But, as stated, such a recitation is not required. The dispositive inquiry is whether the defendant "subjectively understood the nature of the charge[s]." *Hill* at ¶ 12. *See also State v. Greathouse*, 158 Ohio App.3d 135, 2004-Ohio-3402, 814 N.E.2d 502, ¶ 8 (2d Dist.).

{¶ 13} Count one of the bill of information set forth the elements of involuntary manslaughter, stating that Merrick had "cause[d] the death of William 'Skip' Brown as a proximate result of * * * committing or attempting to commit Aggravated Burglary * * *." The firearm specification stated that Merrick "had a firearm on or about his person or under his control while committing the offense, and displayed the firearm, brandished the firearm, indicated he possessed the firearm, or used it to facilitate the offense * * *."

Count two stated that Merrick had "cause[d] the death of Sherri Mendenhall as a proximate result of * * * committing or attempting to commit * * * Aggravated Burglary." Thus, Merrick, by pleading guilty, admitted to the facts set forth in the two counts of involuntary manslaughter and the firearm specification. Moreover, the parties' plea agreement stated that Merrick "acknowledges that he has consult[ed] with his attorneys since he was indicted regarding the charges contained in Case No. 2017-CR-57 and the Bill of Information in Case No. 2018-CR-691, which are both related factually to the murders of William Brown and Sherri Mendenhall, and has continued to consult with his attorneys regarding a resolution of the deaths of William Brown and Sherri Mendenhall." The plea agreement also stated that the "parties contemplate that * * * Merrick will on the record and in open court confirm that he did not shoot either William Brown or Sherri Mendenhall with any firearms whatsoever." Merrick, on the record and in open court, did so state.[3] The record supports the conclusion that Merrick subjectively understood the nature of the two involuntary manslaughter counts and the firearm specification to which he pleaded guilty. Any appellate argument to the contrary would be without potential merit.

{¶ 14} We now turn to Merrick's pro se brief. The brief asserts that the trial court erred when it overruled a motion to suppress statements filed in Case No. 2017-CR-57,[4] and it also seems to assert that appellate counsel rendered ineffective assistance of

---

[3] This on-the-record statement was required, it would seem, to differentiate Bret Merrick's conduct from Dustin Merrick's conduct.

[4] As noted, Case No. 2017-CR-57 was dismissed after Merrick pleaded guilty in Case No. 2018-CR-691. This appeal is, of course, being pursued under Case No. 2018-CR-691, and, as a consequence, the appellate record does not include anything relating to the motion to suppress.

counsel by not raising the suppression issue on appeal. The plea agreement states that Merrick "stipulates and agrees, with the advice of counsel, that he withdraws and waives any potential constitutional challenge to any and all evidence obtained by the police and prosecution." This language is consistent with the reality that, upon pleading guilty, a defendant "waives his ability to challenge [a] suppression ruling on appeal." *State v. Barron*, 2d Dist. Greene No. 2017-CA-46, 2018-Ohio-1221, ¶ 5, citing *State v. Guerry*, 2d Dist. Clark No. 2015-CA-30, 2016-Ohio-962, ¶ 5, citing *State v. Carson*, 2d Dist. Montgomery No. 20285, 2004-Ohio-5809, ¶ 8. Based upon the parties' agreement and the case law, any appellate argument attacking the trial court's suppression ruling would be wholly frivolous, and appellate counsel cannot be faulted for a failure to assert a wholly frivolous argument.

{¶ 15} Finally, we note that we have reviewed the entire record. Our review has not revealed any non-frivolous appellate issues.

## Conclusion

{¶ 16} We have found no non-frivolous issue for appellate review. As such, counsel is granted leave to withdraw from the case, and the judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .


FROELICH, J. and HALL, J., concur.



Copies sent to:

Marcy A. Vonderwell
David R. Miles
Bret Merrick
Hon. Michael A. Buckwalter