[Cite as *State v. Turner*, 2023-Ohio-735.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-11 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 243 |
| | : | |
| CRYSTAL DAWN TURNER nka NESSER | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 10, 2023

. . . . . . . . . . .

SAMANTHA B. WHETHERHOLT, Attorney for Appellee

CHRIS BECK, Attorney for Appellant

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Crystal Dawn Turner (who now goes by the last name Nesser) appeals from her conviction in the Champaign County Court of Common Pleas, after she was found guilty of one count of illegal conveyance of drugs into a detention

facility, in violation of R.C. 2921.36, and sentenced to 36 months in prison. For the reasons that follow, the judgment of the trial court will be affirmed.

## I.    Facts and Procedural History

{¶ 2} On November 15, 2021, Nesser was booked into the Tri-County Jail and brought methamphetamines with her. The drugs were not detected at that time, and as a result, on the following day, she sold the drugs to another inmate in exchange for commissary money.

{¶ 3} Caught, Nesser was indicted on one count of illegal conveyance of drugs into a detention facility, a third-degree felony, a violation of R.C. 2921.36. She was also indicted on one count of aggravated trafficking in drugs, a fourth-degree felony, in violation of R.C. 2925.03(A)(1)(c).

{¶ 4} On March 10, 2022, after negotiations with the State, Nesser agreed to plead guilty to Count 1, illegal conveyance of drugs into a detention facility, in exchange for the dismissal of Count 2, aggravated trafficking in drugs. A presentence investigation (PSI) was ordered, and the sentencing was set for April 11, 2022. Nesser arrived to the sentencing hearing hours late, tested positive for methamphetamines, and was ultimately sentenced to 36 months in prison.

{¶ 5} Nesser has filed this appeal, which raises a single assignment of error.

## II.    Nesser's plea was knowingly, intelligently, and voluntarily made.

{¶ 6} In her assignment of error, Nesser argues that her plea was not made in a knowing, intelligent, and voluntary manner because the State failed to read a statement of facts into the record for the court to consider. This argument has no merit.

**{¶ 7}** To satisfy the requirements of due process, a guilty plea must be made knowingly, intelligently, and voluntarily, and the record must affirmatively demonstrate as much. *State v. Harris*, 2d Dist. Clark No. 2020-CA-29, 2021-Ohio-1431, ¶ 15. For a plea to be made knowingly, intelligently, and voluntarily, the trial court must follow the mandates of Crim.R. 11(C).

**{¶ 8}** In felony cases, Crim.R. 11 (C)(2)(c) mandates that the trial court inform the defendant of the constitutional rights he or she is waiving, like the right to a jury trial, the right to confront witnesses, the right to compulsory process, the right against self-incrimination, and the right to require the State to establish guilt beyond a reasonable doubt. *State v. Perdue*, 2022-Ohio-722, 185 N.E.3d 683, ¶ 11 (2d Dist.). Strict compliance with the rule is required. A failure to strictly comply with this part of the Rule invalidates the plea. *Id.*

**{¶ 9}** "A trial court must substantially comply with the notification of non-constitutional rights contained in Crim.R. 11(C)(2)(a) and (b), and a defendant must show prejudice before a plea will be vacated for failure to substantially comply with these notifications." *State v. Easter*, 2016-Ohio-7798, 74 N.E.3d 760, ¶ 8 (2d. Dist.). "Substantial compliance" means that under the totality of the circumstances the defendant understands the implications of his plea and the rights he is giving up. *State v. Thomas*, 2d Dist. Montgomery No. 26907, 2017-Ohio-5501, ¶ 37; *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶ 10}** In this case, Nesser concedes that the trial court strictly complied with the constitutional advisements, and our review of the record confirms that it did. Her

argument, instead, is that because the prosecutor failed to give a statement of facts, the trial court did not have enough information to adequately determine if it should accept the plea.

{¶ 11} At a felony plea hearing, the State has no obligation to set forth the factual basis for a guilty plea. *State v. Hill*, 2d Dist. Clark No. 2019-CA-11, 2020-Ohio-7, ¶ 11. This is because a guilty plea is a complete admission of the facts contained in the indictment. *Id.* Crim. R. 11(C)(2)(a) requires that before a plea is accepted by the court, it must determine the defendant's understanding of the nature of the charge to which he or she is pleading. This requirement often prompts the State to articulate the factual basis supporting the plea, sometimes in the form of a verbatim recitation of the indictment. *Id.*

{¶ 12} Where the indictment informs the defendant of the nature of the charge, he or she has had a chance to consult with counsel, and there is nothing to suggest the defendant did not understand the nature of the charge, "slight variations between the indictment and the State's factual statement will not create a presumption that the defendant did not understand the nature of the charge." *Id.* at ¶ 12.

{¶ 13} In this case, the trial court read verbatim from the indictment; the State did not give a statement of facts, but it did not need to. In addition, the trial court confirmed with Nesser that she understood the charges against her, the effect of a potential guilty plea, that she had time to discuss the case with her attorney, and that she reviewed the discovery packet with her attorney. Further still, the court, during the plea hearing, stopped the proceeding to give Nesser and her attorney additional time to review the plea form. Finally, Nesser stated that she had received enough information to make her

decision to plead guilty knowingly, intelligently, and voluntarily.

**{¶ 14}** After reviewing the record, it is evident that the trial court strictly complied with the constitutional advisements and substantially complied with the non-constitutional ones. We conclude, as the trial court did, that Nesser entered into her guilty plea in a knowing, intelligent, and voluntary manner. The assignment of error is overruled.

### III.     Conclusion

**{¶ 15}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.