[Cite as *State v. Sheppeard*, 2023-Ohio-3278.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-69 |
| | : | |
| v. | : | Trial Court Case No. 22-CR-0312 |
| | : | |
| STEVEN SHEPPEARD | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 15, 2023

. . . . . . . . . . .

GARY C. SCHAENGOLD, Attorney for Appellant

ANDREW P. PICKERING, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Steven Sheppeard was convicted on his guilty plea to one count of operating a vehicle while under the influence of alcohol or drugs (OVI), in violation of R.C. 4511.19(A)(1)(a), a felony of the fourth degree. He appeals from his conviction, claiming that the trial court's plea colloquy failed to comply with Crim.R. 11 and, therefore, his plea was not made knowingly, intelligently, and voluntarily. He further

claims that the trial court made sentencing errors regarding post-release control and the mandatory minimum incarceration. The State disputes Sheppeard's contentions regarding his plea but agrees that the trial court made sentencing errors. For the following reasons, the trial court's judgment will be affirmed in part and reversed in part, and the matter will be remanded for the proper imposition of post-release control and imposition of the required mandatory prison term.

## I. Facts and Procedural History

{¶ 2} On November 5, 2021, Trooper Benjamin Boutot was driving on West Leffel Lane in Springfield when he saw Sheppeard's pick-up truck weave over the double yellow line. After the trooper got behind the truck, Sheppeard turned onto South Limestone Street without signaling. Boutot then observed two additional marked lanes violations, prompting him to initiate a traffic stop.

{¶ 3} During his contact with Sheppeard, Trooper Boutot observed that Sheppeard had extremely bloodshot and glassy eyes, his eyelids were droopy, and his pupils were constricted. Sheppeard had a strong odor of alcohol coming from his person. He admitted that he had "relapsed" the previous day. After Sheppeard completed field sobriety tests, the trooper concluded that he was impaired. Sheppeard submitted to breathalyzer and urine tests. His blood alcohol concentration (BAC) was .193, and his urine results indicated .235 grams of alcohol per 100 ml and greater than 200 ng of THC metabolite.

{¶ 4} On April 11, 2022, Sheppeard was indicted on four counts of OVI under R.C. 4511.19(A)(1)(a) (driving under the influence), R.C. 4511.19(A)(1)(e) (urine: alcohol),

R.C. 4511.19(A)(1)(h) (breath: alcohol), and R.C. 4511.19(A)(1)(j)(viii)(II) (urine: marijuana metabolite). Each count included an allegation that Sheppeard had three previous OVI convictions within 10 years of the offense, making the offenses felonies of the fourth degree.

{¶ 5} On August 23, 2022, Sheppeard pled guilty to count one (driving under the influence in violation of R.C. 4511.19(A)(1)(a)), and the State agreed to dismiss the remaining counts. The parties also agreed to a presentence investigation. At sentencing, the trial court imposed 18 months in prison, a fine of $1,350, and a five-year driver's license suspension. It further ordered Sheppeard to complete drug and alcohol treatment. The court notified him that, upon his release from prison, he could be placed on post-release control for up to two years.

{¶ 6} Sheppeard appealed from his conviction. His original appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating he was unable to find any non-frivolous issues for appeal. Upon our initial review, we identified several non-frivolous issues. Accordingly, we set aside appellate counsel's *Anders* brief and appointed new counsel.

{¶ 7} Sheppeard now raises three assignments of error. The first two relate to his plea, and we will address them together. The third concerns alleged errors with sentencing.

## II. Validity of Sheppeard's Plea

{¶ 8} In his first and second assignments of error, Sheppeard claims that his plea was not knowing, intelligent, and voluntary, because the trial court failed to inform him of

the effect of his plea in accordance with Crim.R. 11.

{¶ 9} "Due process requires that a defendant's plea be knowing, intelligent, and voluntary," and compliance with Crim.R. 11(C) ensures the constitutional mandate is followed. *State v. Brown*, 2d Dist. Montgomery No. 28966, 2021-Ohio-2327, ¶ 8. Crim.R. 11(C)(2) mandates that a trial court may not accept a guilty plea without first addressing the defendant and:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 10} Of relevance here, to satisfy the effect-of-plea requirement, the trial court must inform the defendant of the appropriate language in Crim.R. 11(B). *State v. Collins*, 2d Dist. Greene No. 2022-CA-40, 2023-Ohio-646, ¶ 18, citing *State v. Jones*, 2d Dist.

Montgomery No. 25688, 2014-Ohio-5574, ¶ 8. For a guilty plea, the defendant must be told that a guilty plea is a complete admission of guilt. Crim.R. 11(B); *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 25.

{¶ 11} "The trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of constitutional rights." *State v. Russell*, 2d Dist. Clark No. 2010-CA-54, 2011-Ohio-1738, ¶ 7, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31. However, the trial court need only substantially comply with the non-constitutional notifications required by Crim.R. 11(C)(2)(a) and (b). *Id.* at ¶ 8, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." (Citations omitted.) *Nero* at 108. In reviewing the plea colloquy, the focus should be on whether "the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 12.

{¶ 12} In general, a defendant is not entitled to have his or her plea vacated unless the defendant demonstrates he or she was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C). *Id.* at ¶ 16, citing *Nero* at 108. The test for prejudice is "whether the plea would have otherwise been made." *Id.*

{¶ 13} This general rule is subject to two exceptions. *Id.* at ¶ 16. First, "[w]hen a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Dangler* at ¶ 14. Second, "a trial court's

complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. *See also State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 11 (a defendant must show prejudice if the trial court partially complied with Crim.R. 11(C) regarding a nonconstitutional right, but no showing of prejudice is required if the trial court completely failed to comply).

{¶ 14} In this case, the trial court did not orally inform Sheppeard of the effect of his guilty plea using the language of Crim.R. 11(B) at his plea hearing.  The State nevertheless asserts that Sheppeard was adequately informed of the effect of his guilty plea via his plea form.   We agree.

{¶ 15} We have found substantial compliance with Crim.R. 11(C)(2)(b) when the plea form includes the required advisements and the defendant indicates at the plea hearing that he or she has read and understood the plea form.   *E.g.*, *State v. Miller*, 2017-Ohio-478, 84 N.E.3d 150 (2d Dist.); *State v. Vanover*, 2d Dist. Clark No. 2005-CA-118, 2007-Ohio-1057.   In *State v. Campbell*, 2d Dist. Clark No. 2020-CA-11, 2021-Ohio-2053, for example, the trial court did not orally inform Campbell that his guilty plea was a complete admission of guilt and that it could proceed with judgment and sentence. Nevertheless, we found no defect in the plea hearing where the defendant's plea form read: "By pleading guilty I admit committing the offense and will tell the Court the facts and circumstances of my guilt.   I know the judge may either sentence me today or refer my case for a presentence report."   *Id.* at ¶ 23.   *Accord State v. Howard*, 2d Dist. Montgomery No. 28328, 2019-Ohio-5357, ¶ 28; *State v. Ferguson*, 2d Dist. Clark No.

2018-CA-71, 2019-Ohio-1143, ¶ 21.

{¶ 16} In this case, Sheppeard confirmed during the plea hearing that he had had the opportunity to review the plea form with his attorney and that he understood it. Plea Hearing Tr. at 7. The last paragraph of his plea form stated, in part: "By pleading guilty I admit committing the offense and admit the facts set forth in the indictment. I know the judge may either sentence me today or refer my case for a presentence report." In light of this language in the plea form, and consistent with our prior rulings, we conclude that the trial court substantially complied with its obligations under Crim.R. 11(C)(2)(b). The transcript of the plea hearing further reflects that the trial court complied with Crim.R. 11(C)(2)(a) and (c), as well.

{¶ 17} Sheppeard's first and second assignments of error are overruled.

### III. Sentencing Matters

{¶ 18} In his third assignment of error, Sheppeard claims that the trial court erred in its post-release control notifications and in imposing its prison sentence. Specifically, he states that the trial court failed to give the post-release control advisements required by R.C. 2929.19(B)(2)(f) at sentencing, that the judgment entry's statement that post-release control could be increased "up to a maximum term of eight years" was erroneous, that the court failed to orally state that a portion of his prison term was mandatory, and that the mandatory portion of his sentence was not included in the judgment entry.

{¶ 19} At sentencing, the trial court indicated that it had concerns about recidivism and indicated its belief that Sheppeard was "a significant danger to the community and to yourself, really." The court then imposed its sentencing, stating:

The Court is going to order that you be sentenced to 18 months in the Ohio State Penitentiary, pay the mandatory minimum fine of $1,350, 5 years driver's license suspension. Upon your release from prison you could be placed on post-release control for up to 2 years. You will receive credit for time served in the Clark County Jail from August the 23rd to the present. That will be all.

The prosecutor told the trial court, "Your Honor, 60 days of that needs to be mandatory." The court responded, "Okay." Sheppeard's mother, who attended the sentencing hearing, also got the trial court's attention, and the court briefly spoke with her before the hearing concluded.

{¶ 20} The written judgment entry reflected the orally-imposed sentence. With respect to post-release control, the judgment entry also stated:

The Court further notified the defendant that one of the following sanctions could be imposed upon him if he violates PRC: (1) The duration of PRC may be increased up to a maximum term of eight years; (2) more restrictive rules may be placed upon him; (3) he could return to prison (the maximum term for each violation is one-half of the original prison term or nine months, whichever is less, and the maximum cumulative term of all violations is one-half of the original prison term); and (4) if he commits a felony offense while on PRC and is convicted of that offense, his PRC could be terminated and he could be sentenced to prison for the greater of one year or the amount of time he has remaining on PRC and it would be mandatory that the PRC

time run consecutively to his sentence on the new felony offense. The judgment entry made no mention of a mandatory prison term.

{¶ 21} The State concedes that the trial court failed to impose a mandatory term of imprisonment of 60 days and also failed to properly impose post-release control. It asks that we remand the case to the trial court for the limited purpose of addressing these issues.

{¶ 22} We agree with the parties that the trial court failed to properly impose post-release control at sentencing and incorrectly stated in its judgment entry that post-release control could be increased to a maximum term of eight years. Indeed, we previously addressed these same issues and found reversible error. *See, e.g., State v. Manzi*, 2d Dist. Clark No. 2022-CA-24, 2023-Ohio-732. We have also previously held that a trial court errs at sentencing if it fails to specify the mandatory portion of a fourth-degree-felony OVI prison sentence in accordance with R.C. 2929.13(G). *State v. Fields*, 2d Dist. Clark No. 2020-CA-19, 2021-Ohio-3845, ¶ 13-19; *State v. Grout*, 2d Dist. Clark No. 2022-CA-23, 2023-Ohio-1074, ¶ 11. We agree with the parties that the trial court erred in this respect, as well.

{¶ 23} Sheppeard's third assignment of error is sustained.

### IV. Conclusion

{¶ 24} The trial court's judgment will be affirmed in part and reversed in part, and the matter will be remanded for the proper imposition of post-release control and imposition of the required mandatory prison term.

. . . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.