[Cite as *State v. Jones*, 2024-Ohio-3034.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

STATE OF OHIO                         :
                                      :
        Appellee                      :        C.A. No. 2023-CA-59
                                      :
v.                                    :        Trial Court Case No. 23-CR-0030
                                      :
DANIEL JONES                          :        (Criminal Appeal from Common Pleas
                                      :        Court)
        Appellant                     :
                                      :

. . . . . . . . . . .

O P I N I O N

Rendered on August 9, 2024

. . . . . . . . . . .

JOHN A. FISCHER, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Daniel Jones pled guilty in the Clark County Court of Common Pleas to receiving stolen property (motor vehicle), a fourth-degree felony. The trial court sentenced him to 18 months in prison, to be served consecutively to a sentence in another

case.

{¶ 2} Jones appeals from his conviction, claiming that the trial court failed to comply with Crim.R. 11 in two respects. The State concedes that one of Jones's arguments has merit, requiring reversal of his conviction. We disagree with the State's concession and find no reversible error. Accordingly, for the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 3} According to the bill of particulars, on January 10, 2023, the owner of a property on Lower Valley Pike found Jones in a trailer on the premises. Jones was not permitted to be there. Behind the trailer was a white "tree truck" that was running; Jones did not have permission to use the truck, and several stolen items were found inside it. Also located at the property were a maroon Chevy Impala that recently had been reported stolen and a Subaru stolen from Jones's parents' business.

{¶ 4} A week later, Jones was indicted for breaking and entering, a fifth-degree felony; receiving stolen property (motor vehicle), a fourth-degree felony; and attempted theft (motor vehicle), a fifth-degree felony. The receiving stolen property charge was based on Jones's possession of the Impala.

{¶ 5} On October 20, 2023, Jones pled guilty to receiving stolen property. In exchange for the plea, the State agreed to dismiss the other two counts. The parties also agreed to jointly recommend an 18-month prison sentence, to be served consecutively to the sentence Jones was then serving in a Montgomery County case. The court accepted Jones's guilty plea and immediately imposed the jointly-

recommended sentence.

{¶ 6} Jones appeals from his conviction, raising one assignment of error.

## II. Validity of Jones's Guilty Plea

{¶ 7} In his sole assignment of error, Jones claims that the trial court erred in accepting his guilty plea because it failed to comply with Crim.R. 11. First, he asserts that the court failed to provide a sufficient recitation of the facts to inform him of the nature of the charge to which he was pleading. Second, he argues that the trial court did not inform him of the effect of his plea. The State counters that the trial court complied with its obligation under Crim.R. 11(C)(2)(a) to inform him of the nature of the charge, but it concedes that the court failed to inform him of the effect of his plea as required by Crim.R. 11(C)(2)(b).

{¶ 8} "Due process requires that a defendant's plea be knowing, intelligent, and voluntary," and compliance with Crim.R. 11(C) ensures the constitutional mandate is followed. *State v. Brown*, 2021-Ohio-2327, ¶ 8 (2d Dist.). Crim.R. 11(C)(2) provides that a trial court may not accept a guilty plea without first addressing the defendant and:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court,

upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2); *State v. Sheppeard*, 2023-Ohio-3278, ¶ 9 (2d Dist.).

{¶ 9} "The trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of constitutional rights." *State v. Russell*, 2011-Ohio-1738, ¶ 7 (2d Dist.), citing *State v. Clark*, 2008-Ohio-3748, ¶ 31. However, the trial court need only substantially comply with the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b). *Id.* at ¶ 8, citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." (Citations omitted.) *Nero* at 108. In reviewing the plea colloquy, the focus should be on whether "the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *State v. Dangler*, 2020-Ohio-2765, ¶ 12.

{¶ 10} In general, a defendant is not entitled to have his or her plea vacated unless the defendant demonstrates he or she was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C). *Id.* at ¶ 16, citing *Nero* at 108. The test for

prejudice is "whether the plea would have otherwise been made." *Id.* However, a defendant need not show prejudice if the trial court completely failed to comply with a portion of Crim.R. 11(C). *Id.*, citing *Dangler* at ¶ 15.

**A. Nature of the Charge**

{¶ 11} Beginning with the trial court's compliance with Crim.R. 11(C)(2)(a), Jones contends that the trial court failed to inform him of the nature of the charge against him. He does not challenge whether the trial court adequately informed him of the maximum penalty involved. Accordingly, we will limit our discussion to the court's statements regarding the nature of the charge.

{¶ 12} The trial court began the plea hearing by asking the State to put the terms of the plea agreement and a factual statement on the record. The prosecutor described the plea agreement, indicating in part that Jones would be pleading to receiving stolen property. The prosecutor then recited the underlying facts, stating:

> And the facts for count 2 are that on or about January 10th, 2023 in Clark County, Ohio, Daniel Jones did receive, retain, or dispose of the property of another knowing or having reasonable cause to believe that the property has been obtained through the commission of a theft offense and that property is a motor vehicle in violation of section 2913.51(A) of the Revised Code when on or about January 10th, 2023 Mr. Jones was found in possession of a maroon Chevy Impala that was reported stolen a few days prior.

(Plea Tr. at 3-4.) Defense counsel agreed that the State had provided a full statement

of the plea agreement. During the court's plea colloquy with Jones, Jones stated that he understood the "nature of the case and facts placed on the record by the Prosecutor."

{¶ 13} At the beginning of the plea hearing, the trial court noted that the parties had provided a written plea form. The plea form identified the offense to which Jones was pleading (receiving stolen property) and included the maximum penalty involved. The plea form further stated that, "I understand the nature of these charges and the possible defenses I might have." Jones acknowledged during the plea hearing that he had had an opportunity to review the document with his attorney and had signed it.

{¶ 14} Jones contends that the recitation of facts was insufficient. He emphasizes that the recitation of facts failed to identify (1) the victim of the crime, (2) how or from whom Jones received the stolen car, or (3) how Jones knew or reasonably should have known that the vehicle was stolen. None of these facts was required.

{¶ 15} At a felony plea hearing, the State has no obligation to set forth the factual basis for a guilty plea. *State v. Turner*, 2023-Ohio-735, ¶ 11 (2d Dist.), citing *State v. Hill*, 2020-Ohio-7, ¶ 11 (2d Dist.). This is because a guilty plea is a complete admission of the facts contained in the indictment. *Id.* at ¶ 11. Accordingly, simply reading the indictment is sufficient to inform the defendant of the nature of the charge. Where the indictment correctly informs the defendant of the nature of the charge, the defendant has had a chance to consult with counsel, and there is nothing to suggest the defendant did not understand the nature of the charge, "slight variations between the indictment and the State's factual statement will not create a presumption that the defendant did not understand the nature of the charge." *Hill* at ¶ 12; *State v. Riddle*, 2017-Ohio-1199, ¶ 39

(2d Dist.).

{¶ 16} Here, the trial court determined, before accepting Jones's plea, that Jones understood the nature of the charge to which he was pleading guilty. The recitation of facts provided by the prosecutor (and which Jones said he understood) closely followed the language of the indictment. The prosecutor's statement included the additional facts that Jones had been found in possession of a maroon Chevy Impala that had been reported stolen a few days before the offense. Jones agreed both orally and in the plea form that he understood the nature of the charge, and we find nothing in the record to suggest he did not. Jones's argument regarding Crim.R. 11(C)(2)(a) is without merit.

### B. Effect of the Guilty Plea

{¶ 17} Jones further claims that the trial court failed to inform him of the effect of his plea. The State concedes error in this regard.

{¶ 18} To satisfy the effect-of-plea requirement, the trial court must inform the defendant of the appropriate language in Crim.R. 11(B). *State v. Collins*, 2023-Ohio-646, ¶ 18 (2d Dist.), citing *State v. Jones*, 2014-Ohio-5574, ¶ 8 (2d Dist.). For a guilty plea, the defendant must be told that a guilty plea is a complete admission of guilt. Crim.R. 11(B); *State v. Jones*, 2007-Ohio-6093, ¶ 25; *Sheppeard*, 2023-Ohio-3278, at ¶ 10 (2d Dist.).

{¶ 19} In this case, the trial court did not orally inform Jones of the effect of his guilty plea using the language of Crim.R. 11(B) at his plea hearing. While the State concedes this was error, both parties have failed to consider whether Jones was adequately informed of the effect of his guilty plea via his plea form. Upon review, we

conclude that he was.

{¶ 20} We have found substantial compliance with Crim.R. 11(C)(2)(b) when the plea form includes the required advisements and the defendant indicates at the plea hearing that he or she has read and understood the plea form. *E.g., State v. Campbell,* 2021-Ohio-2053 (2d Dist.); *State v. Miller*, 2017-Ohio-478 (2d Dist.); *State v. Vanover*, 2007-Ohio-1057 (2d Dist.). In *Sheppeard*, for example, the trial court did not orally inform the defendant that his guilty plea was a complete admission of guilt and that it could proceed with judgment and sentence. However, Sheppeard confirmed at the plea hearing that had had the opportunity to review the plea form with his attorney and that he understood it. The last paragraph of his plea form stated, in part: "By pleading guilty I admit committing the offense and admit the facts set forth in the indictment. I know the judge may either sentence me today or refer my case for a presentence report." Considering the language in the plea form, we concluded that the trial court had substantially complied with its obligations under Crim.R. 11(2)(b).

{¶ 21} The circumstances before us mirror those in *Sheppeard*. Jones stated at the plea hearing that he had reviewed the plea form with his attorney and that he understood it. The last paragraph of Jones's plea form included language identical to Sheppeard's plea form. Accordingly, despite the State's concession, we conclude that the trial court substantially complied with Crim.R. 11(C)(2)(b).

{¶ 22} Jones's assignment of error is overruled.

### III. Conclusion

{¶ 23} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and HUFFMAN, J., concur.